UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20012

LAWRENCE STERN and
DONNA STERN,

    Plaintiffs,
vs.

SK GOLDEN INVEST, LLC,
SERGEY KUZNETSOV, and
OLEG SEMENOV,

    Defendants.

## COMPLAINT

Plaintiffs, Lawrence Stern and Donna Stern, sue Defendants, SK Golden Invest, LLC ("SK Golden"), Sergey Kuznetsov, and Oleg Semenov, and allege as follows.

### Jurisdiction and Venue

1. This is an action for breach of a residential lease of a house located at 250 Ocean Boulevard, Golden Beach, Florida, arising from the landlords' refusal to deliver possession of the leased premises to the tenants Lawrence and Donna Stern.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00,

exclusive of interest and costs.

3. This Court possesses personal jurisdiction over the Defendants because they are citizens of Florida and residents in this judicial district.

4. Venue is proper in this judicial district because Defendants reside within this judicial district.

## The Parties

5. Mr. and Mrs. Stern are citizens and residents of New York.

6. SK Golden is a limited liability company organized in Florida with its principal place of business in Florida. Its two members, Sergey Kuznetsov and Ekaterina Kuznetsova, are citizens of Florida and residents in this judicial district.

7. Mr. Kuznetsov is the managing member and registered agent for SK Golden.

8. Oleg Semenov is a citizen and resident of Florida and is joined as an indispensable party as a signatory to the contract, in his individual and representative capacities, that is the subject of this action.

## General Allegations

*The house at 250 Ocean Boulevard, Golden Beach*

9. Mr. and Mrs. Stern, residents of New York, wanted to spend their winter with family members in Florida. They searched for a suitable, single family home that could accommodate their entire family and with the assistance of Monica

Cohan, a Florida real estate broker, found a residence located at 250 Ocean Boulevard, Golden Beach, Florida, owned by SK Golden.

10. The newly-built house was designed by the internationally prominent architecture firm of Oppenheim Architecture that has received multiple distinctions and AIA Awards including the National Design Award for Interior Design by Cooper Hewitt, Smithsonian Design Museum. The design of the house at 250 Ocean Boulevard was inspired, according to its listing, by the French Polynesian Island of Bora Bora featuring tropical garden landscape, 4 terraces, master balcony, sun deck and outdoor kitchen allowing for indoor-outdoor living with a water view. The home has 6000 square feet under air conditioning with eight bedrooms, eight full baths, and two and one-half baths with a guest house and service quarters. Copies of the listing of the home with interior and exterior photographs are attached as Composite Exhibit "A".

*The Residential Lease for the house at 250 Ocean Boulevard*

11. On or about October 27, 2020, the parties entered into a Residential Lease for Single Family Home or Duplex (For a Term not to exceed one year) ("Residential Lease"), for the house at 250 Ocean Boulevard with SK Golden and Mr. Kuznetsov (collectively "the Landlords"). The term of the lease was to begin on December 1, 2020, and end on February 28, 2021, for a total rent of $135,000.00, or a monthly rent of $45,000.00. A copy of the Residential Lease is attached as Exhibit

"B".

12. Mr. Semenov signed the Residential Lease on behalf of the Landlords and Mr. Stern signed the Residential Lease on behalf of the Sterns. Mr. Semenov also signed the Residential Lease as an agent.

13. The Residential Lease required the Sterns to pay $180,000.00 prior to occupancy, $45,000.00 of which was payable as a security deposit to an escrow agent designated in the Residential Lease. The Residential Lease also contained an early termination fee/liquidated damages addendum requiring the Sterns to pay the Landlords $90,000.00 as liquidated damages or an early termination fee if they elected to terminate the rental agreement. The Residential Lease also contained a provision entitling the prevailing party to attorneys' fees "in any lawsuit brought to enforce Lease or under applicable law."

*The Landlords' refusal to deliver the house at 250 Ocean Boulevard*

14. In anticipation of taking possession of the house at 250 Ocean Boulevard, the Sterns began preparing for their December 2020 occupancy by arranging for delivery of exercise equipment and food to the home, adding the property to their insurance coverage and making arrangements for their family to travel to Florida.

15. Mr. Stern wrote Mr. Semenov on November 5, 2020, to check on the progress of the house and for an update on the certificate of occupancy for their

approaching tenancy of the house at 250 Ocean Boulevard. Mr. Semenov promptly responded assuring Mr. Stern that "All is well! Will be ready 98%."

16.     Mr. Semenov subsequently telephoned Mr. Stern on November 25, 2020, and obtained Mr. Stern's agreement to move the start date, and all related obligations, of the Sterns' tenancy at 250 Ocean Drive from December 1, 2020, to December 12, 2020, and the end date to March 15, 2021, instead of February 28, 2021, to afford the Landlords additional time to prepare the home for the Sterns' arrival and to obtain the certificate of occupancy. The change to the Residential Lease was confirmed in a text message from Mr. Semenov to Ms. Cohan, Mr. Stern's real estate broker, upon which Mr. Stern reasonably relied.

17.     On December 10, 2020, Mr. Stern instructed Ms. Cohan to pick up the keys to the premises on December 11, 2020, for their arrival on the following day. The Sterns stood ready, willing and able as of December 1, 2020 and the extended date of December 12, 2020, to immediately wire the $135,000.00 payment to the Landlords, and $45,000.00 to the escrow agent, upon request from the Landlords and their confirmation that the house was ready for the Sterns' occupancy and that the Landlords would deliver the house to the Sterns as agreed upon in the Residential Lease.

18.     In a series of email exchanges on December 10, 2020, between Ms. Cohan and Mr. Semenov, and eventually between Ms. Cohan and Oleysa Trayber,

the "in house legal counsel for SK Golden", Ms. Cohan was first informed by Mr. Semenov that "[t]he house is under contract! He can not take the possession of the house! There is no furniture and the house still not ready … I am sorry again its not depend on me!".

19.  Upon Ms. Cohan's response to Mr. Semenov that the Sterns still expected possession of 250 Ocean Boulevard to be delivered to them on December 12 and that legal action would follow in the event the Residential Lease was not complied with, Ms. Trayber wrote Ms. Cohan that "[t]he property did not obtain TCO yet; therefore, legally, now [sic] one can occupy the property" and that the delay was beyond her client's control. Ms. Trayber did not make any statement about the home being under a sales contract. The Residential Lease was not contingent upon the issuance of a temporary certificate of occupancy and the Landlords were obligated by the Residential Lease to obtain a certificate of occupancy and otherwise comply with all the requirements of Golden Beach building, housing, and health codes.

20.  The Landlords refused to deliver possession of the house at 250 Ocean Boulevard to the Sterns, leaving them to scramble in mid-December 2020, to find other suitable premises in order to salvage their plans to spend their Winter with their family in Florida.

21.  The Sterns performed, in the time and in the manner required under the

Residential Lease, all of their obligations accrued as of the date of the filing of this complaint.

22. The Sterns have retained Mann & Wolf, LLP with respect to the Residential Lease that is the subject of this action and has retained undersigned counsel to prosecute this action. The Sterns are obligated to pay reasonable attorney's fees for these legal services and are entitled to recover their reasonable attorney's fees and costs from the Landlords under the Residential Lease.

23. All conditions precedent to this action have occurred, have been performed, or have otherwise been waived.

## Count I – Breach of Lease Agreement
## against SK Golden, Mr. Kuznetsov and Mr. Semenov

24. Mr. Stern repeats the allegations in paragraphs 1 – 23.

25. The Landlords breached the Residential Lease by failing to deliver the house at 250 Ocean Boulevard, Golden Beach to the Sterns pursuant to the terms of the Residential Lease causing them damages.

26. The Sterns are entitled to recover damages from the Landlords including, without limitation, the additional rent the Sterns were obligated to pay to obtain an alternative residence for their Winter residency in Florida in mid-December, their damages resulting as a direct consequence of the Landlords' breach of the Residential Lease, the costs of changes to their travel arrangements, the lost food delivery, their attorneys' fees incurred in reviewing the lease for the alternative

residence, their attorneys' fees in enforcing the Residential Lease and for any claim of commission by Mr. Semenov.

Wherefore, Plaintiffs Lawrence and Donna Stern request entry of judgment against the Landlords for their direct and consequential damages, prejudgment interest, attorneys' fees and costs and such further relief that is just and appropriate.

### Count II – Intentional Misrepresentation against Mr. Semenov
### (Pled in the alternative)

27. Mr. Stern repeats the allegations in paragraphs 1 – 23.

28. To the extent that the Landlords claim that Mr. Semenov did not have authority to enter into the Residential Lease, then Mr. Semenov's signing the Residential Lease on behalf of the Landlords as their agent, and representing to the Sterns his authority to sign on behalf of the Landlords constitutes an intentional representation of his authority that was false.

29. Mr. Semenov made the representation with the intent to induce the Sterns to rely on it, and the Sterns reasonably relied on the representation to their detriment and suffered damages as a result, entitling the Sterns to damages from Mr. Semenov, including, without limitation, the additional costs of the Sterns obtaining an alternative residence for their Winter residency in Florida, their damages resulting as a direct consequence of the Landlords' disavowal of the Residential Lease, the costs of changes to their travel arrangements, the lost food delivery, any claims for commissions, their attorneys' fees incurred in reviewing the lease for the Sterns'

alternative residence, and their attorneys' fees in enforcing the Residential Lease.

Wherefore, Plaintiffs Lawrence and Donna Stern request entry of judgment against Oleg Semenov for their direct and consequential damages, prejudgment interest, attorneys' fees and costs and such further relief that is just and appropriate.

Dated: January 4, 2021.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

> Respectfully submitted,
>
> WEISSMAN & DERVISHI, P.A.
>
> By:  /s/ Brian S. Dervishi
>       Brian S. Dervishi
>       Peter A. Tappert
> Florida Bar Nos. 350303 and 27100
> SunTrust International Center
> One Southeast Third Avenue, Suite 1700
> Miami, Florida 33131
> 305-347-4070 (Telephone)
> 305-347-4077 (Facsimile)
> bdervishi@wdpalaw.com
> ptappert@wdpalaw.com
> service@wdpalaw.com
>
> Attorneys for Lawrence Stern and Donna Stern